IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MICHAEL RUBEN ESTRADA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:16-CV-0198 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO GRANT RESPONDENT'S MOTION TO DISMISS and
## TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner MICHAEL RUBEN ESTRADA has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his state court conviction and sentence. It is the opinion of the undersigned United States Magistrate Judge that petitioner's application is time-barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d). Consequently, respondent's motion to dismiss should be GRANTED, and the habeas corpus application filed by petitioner should be DISMISSED.

## I.
## BACKGROUND

On September 3, 2014, petitioner was charged by a two-count indictment with one count of aggravated assault with a deadly weapon and one count of assault on a family or household member, enhanced with a previous conviction. On December 2, 2014 in the 181st Judicial District Court of Randall County, Texas, petitioner pled guilty to both counts and received 15-year sentences on both.

*See State v. Estrada*, No. 25411B. Since petitioner timely filed a motion for new trial, he had ninety days or until March 2, 2015, to file a notice of appeal. *See* Tex. R. App. P. 26.2(a)(2). Petitioner did not file notice to appeal his conviction and it became final upon expiration of the time to file for appellate review. Petitioner had one year, until March 2, 2016 absent any tolling, to file a federal habeas application.

On October 1, 2015, petitioner, represented by counsel, filed a state application for a writ of habeas corpus challenging his conviction and sentence.[1] On November 18, 2015, the Texas Court of Criminal Appeals dismissed the application as noncompliant under Rule 73.1 of the Texas Rules of Appellate Procedure. *In re Estrada*, App. No. 84,167-01. On December 1, 2015, petitioner filed a Motion to Reconsider which was denied December 7, 2015.

On September 13, 2016, petitioner filed the instant federal habeas application challenging his state conviction and sentence. On November 10, 2016, respondent filed a motion to dismiss petitioner's federal habeas application as time-barred. Petitioner filed a response to respondent's motion on November 22, 2016.

II.
PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States because he was denied effective assistance of counsel. Petitioner's claims appear to center around alleged mental dysfunction he was suffering from at the time of the offense and trial, and trial counsel's failure to conduct a reasonable investigation of sanity and competency. (Dkt. 1 at 2). Specifically, in his form petition petitioner asserts he received ineffective assistance of trial counsel

---

[1] Since petitioner was represented by counsel he does not receive the benefit of the "mailbox rule," and his petition is considered filed the date it was received by the appropriate court. *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002).

because counsel failed to:

1. Research and prepare for trial;

2. Seek a psychological examination; and

3. Advise petitioner.

(Dkt. 1-1 at 6-9).

## III.
## TIME BAR

Question 18 of the federal habeas corpus form petition submitted by petitioner ESTRADA sets forth the limitations period provided by 28 U.S.C. § 2244(d). The question requires petitioner to explain, if his judgment of conviction became final more than one year prior to the filing of the federal habeas petition, "why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar [his or her] petition." Petitioner did not file a response to this question and did not address the timeliness of his federal habeas petition. (Dkt. 14).

In his November 10, 2016 Motion to Dismiss, respondent appears to have fully and accurately set forth relevant dates in these cases.[2] Respondent argues petitioner has not shown entitlement to equitable tolling of the limitation period and asserts the case is barred by the statute of limitations in federal habeas corpus cases.

Based on the record, the undersigned makes the following findings:

1. Petitioner's judgment of conviction was entered **December 2, 2014**;

2. Petitioner did not file a direct appeal of his conviction but he did file a motion for new trial. Therefore, petitioner's conviction became final on **March 2,**

---

[2] The Court notes there is a typographical error regarding the federal limitations period set forth as March 2, *2015* instead of the correct year, *2016* which is apparent from the context of the motion. (Dkt. 6 at 5). Additionally, respondent cites petitioner's federal habeas file date as September 9, 2016 when it was actually September 13, 2016. (Dkt. 6 at 6 compare Dkt.1 at 1). These minor inaccuracies do not alter the ultimate analysis of this Court.

        **2015**, when his time to file an appeal of his conviction and sentence expired.

3.     Petitioner's federal habeas corpus petition was due on or before **March 2, 2016**, unless statutorily or equitably tolled.

4.     Petitioner, represented by counsel, filed his first state habeas application on **October 1, 2015.** At the time of the filing, **213 days** of the 1-year limitation period had passed.

5.     Petitioner's state habeas petition was dismissed as noncompliant under Rule 73.1 of the Texas Rules of Appellate Procedure on **November 18, 2015.** This dismissal triggered petitioner's limitations to begin running again.

6.     On **December 1, 2015**, petitioner filed a Motion to Reconsider. **226 days** of the 1-year limitation period had now passed.

7.     Petitioner's Motion to Reconsider was denied **December 7, 2015.** At this point in time, petitioner had **139 days remaining** on his limitations period making his federal habeas application due **on or before April 24, 2016.**

8.     Petitioner did not file the instant petition until **September 23, 2016** after the limitations period had run.

9.     The petition is time-barred.

10.    Even if petitioner's federal petition were not time-barred it is procedurally barred. Petitioner's state habeas application was dismissed on procedural grounds. The Texas Court of Criminal Appeals did not address petitioner's claims on the merits. Petitioner's federal habeas petition is therefore procedurally barred for failure to exhaust.

### IV.
### EQUITABLE TOLLING

Although petitioner did not address the limitations question by answering Question 18 of the habeas petition, petitioner does address the limitations issue in his response to respondent's motion to dismiss.

Petitioner essentially argues that the decision whether to grant equitable tolling lies with the Court and that in petitioner's case 1) the "alleged delay" does not outweigh the right to effective

assistance of counsel 2) no harm to the government has been demonstrated 3) petitioner has been diligent in asserting his constitutional rights including pursuing his state habeas remedies and continuing to seek evidence post-conviction 4) the facts and evidence have not been eroded by the length of "alleged delay" 5) a factual inquiry into petitioner's sanity, competency and trial counsel's knowledge and decisions at the trial level was necessary and not appropriate for an appellate court but rather is appropriate for a court considering a writ of habeas corpus 6) the delay has no demonstrable impact on the judicial proceedings and 7) the delay was not the result of conscious indifference or malicious intent but was done in good faith. (Dkt. 8 at 5-9).

The Fifth Circuit has recognized the one year limitation period for filing a habeas corpus petition established in 28 U.S.C. § 2244(d)(1) is not a jurisdictional bar and is subject to equitable tolling. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Although equitable tolling is a "discretionary doctrine that turns on the facts and circumstances of a particular case," the court ordinarily "draw[s] on general principles to guide when equitable tolling is appropriate." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). As a general rule, equitable tolling operates only "<u>in rare and exceptional circumstances</u>" where it is necessary to "preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810–11 (emphasis added). Equitable tolling applies "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citation omitted). As a consequence, neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling. *Id.*

The statute of limitations may also be overcome by a showing of "actual innocence." *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013). However,

the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

Based upon the foregoing the undersigned makes the following additional findings:

1. Petitioner has not demonstrated he is entitled to equitable tolling of the limitations period because the claims petitioner now asserts related to his mental incompetency and trial counsel's ineffectiveness in the trial court proceedings with regard to such incompetency were, if in fact true, evident at the time of petitioner's conviction. This is supported, at least in part, by the motion for new trial and state habeas applications which attempted to raise these very issues.

2. Petitioner has not shown he was actively misled by the State.

3. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

4. The record does not reflect any unconstitutional "State action" impeded petitioner from filing for federal habeas corpus relief prior to the end of the limitation period.

5. Petitioner's claims are not of such a nature that petitioner was unable to exercise due diligence and discover the claims at an earlier date.

6. To the extent petitioner claims he is actually innocent his claim is unavailing. He has not supported his allegation of constitutional error with new, reliable evidence in light of which no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *Dawson v. Stephens*, 637 Fed. Appx. 141, 142 (5th Cir. 2016) citing *McQuiggin v. Perkins*, 133 S.Ct. at 1928.

7. While courts have some discretion to grant equitable tolling, the arguments advanced by petitioner do not rise to the rare and exceptional circumstances standard under the law of the Fifth Circuit and do not warrant or authorize this Court to grant equitable tolling.

For the reasons set out herein and by respondent in his Motion to Dismiss filed November 10, 2016 (Dkt. 6), it is the opinion of the undersigned that petitioner's application for a federal writ

of habeas corpus is time-barred.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion to dismiss filed by respondent be GRANTED, and the petition for a writ of habeas corpus filed by petitioner MICHAEL RUBEN ESTRADA be DISMISSED as time-barred.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this _13th_ day of January 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report

and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).